**Willie WRIGHT, Plaintiff,**

v.

**CITY OF ST. LOUIS, Defendant.**

**No. 81–1096C(4).**

United States District Court,
E.D. Missouri, E.D.

March 30, 1984.

MacArthur Moten, St. Louis, Mo., for plaintiff.

Judith Ronzio, St. Louis, Mo., for defendant.

## MEMORANDUM OPINION

CAHILL, District Judge.

This matter was tried to the Court on plaintiff's charge that defendant City of St. Louis violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, and the Civil Rights Act of 1866, 42 U.S.C. § 1981. Plaintiff's § 1981 claim was tried to a jury, which found in favor of the defendant on Count II of the complaint. The evidence adduced at trial and the applicable principles of law have led the Court to render judgment in favor of the defendant and against the plaintiff on his Title VII claim in Count I of the complaint.

Wright, employed by the City of St. Louis as a mechanic, was appointed acting shop foreman in 1973 on the recommendation of a retiring shop foreman. Wright alleges he was given a low civil service eligibility rating as a pretext, and a white employee received the appointment as permanent shop foreman. Wright has failed to prove that this rating was indeed a pretext. Wright alleges that in 1974 he was ranked number 3 on the eligibility list yet he was denied a promotion; said promotion going to a white individual. Wright has failed to prove that the reasons given for not promoting him were a pretext for discrimination. Wright alleges that as a consequence of his filing an EEOC complaint

on or about July 29, 1976, concerning the City's illegal practices, he was further discriminated against by having his service rating downgraded in retaliation. Wright has failed to prove that this downgrading was unwarranted and the result of discrimination. Wright further asserts that qualified blacks have been systematically denied promotions and advancements comparable to whites. Wright has failed to produce sufficient evidence in support of this claim.

The Court now makes and enters its findings of fact and conclusions of law in support of its judgment.

### Findings of Fact.

1. Plaintiff Willie Wright is a black male United States citizen and a resident of the State of Missouri.

2. Defendant City of St. Louis is a municipal corporation organized under the laws of the State of Missouri and was at all times herein set forth authorized to do business and doing business in the State of Missouri.

3. Plaintiff has been employed by the City of St. Louis since June 1964 as an automobile mechanic.

4. Each position held by plaintiff during his employment by defendant City of St. Louis has been a position within the City's civil service system, and subject to the rules and requirements of the Civil Service Commission of the City of St. Louis.

5. The City has a structured civil service promotion system. An eligibility list is prepared ranking candidates for promotions. The top three candidates are certified to the appointing authority, but the appointing authority may select any of the three.

6. Plaintiff was appointed to the position of Acting Shop Foreman in 1973 for several months at the suggestion of a retiring Shop Foreman. Plaintiff, however, was not appointed to this position on a permanent basis, allegedly because he was not certified among the top three on the eligibility list. This position was filled through the normal civil service procedures.

7. Plaintiff was ranked third on the eligibility list in 1974, but was not promoted. White employees, also ranked within the top three on the eligibility list, received the promotions available that year. The defendant asserts that Wright was not promoted because he did not have the expertise to make mechanical decisions as evidenced by his floundering under pressure.

8. Wright filed an Equal Employment Opportunity Commission (EEOC) complaint on or about July 29, 1976, which was amended on November 26, 1976, alleging that he had been denied promotions because of his race and that his service rating had been downgraded in retaliation for filing an EEOC complaint. Wright alleged that in August 1976 he was again denied promotion to Shop Foreman in favor of a white male. Wright also asserted his belief that the promotion system had a disparate effect on blacks as a class.

9. Wright's November 1976 evaluation gave him an overall rating of good. However, on evaluation subparts regarding attendance and work output he received a rating of adequate. Wright appealed this adequate rating on output to the Service Rating Appeals Board which, after consideration of the information submitted, unanimously found that the evaluation should remain as submitted by the raters. This decision was forwarded to Wright by a letter of January 17, 1977.

10. In 1977 James Harris, a black male, was promoted to the position of Shop Foreman. In applying for this promotion, Harris was allegedly told by Supervisor John Hunt not to be concerned about Wright because he would not be receiving the promotion.

11. In 1977 Wright was ranked 11th on the eligibility list. In 1978 through 1979 Wright was ranked 4th on the eligibility list. Wright was promoted to a permanent position as Shop Foreman in 1980.

12. Wright was awarded a Notice of Right-to-Sue from the EEOC on June 11,

1981. He filed this complaint within 90 days of receipt of that notice.

*Conclusions of Law.*

1. The Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*

2. In assessing the evidence, the Court must apply a three-part analysis. After the plaintiff has established a prima facie case by the preponderance of the evidence, the burden of production shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the employee's rejection. *See Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). Should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reason, but were a pretext for discrimination. *Id.*

3. The four-element test of *McDonnell-Douglas v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973), is widely used for establishing a prima facie case. Plaintiff must show that (1) he is within a protected group, (2) he applied for and qualified for the position for which the employer was seeking applicants, (3) despite his qualifications he was rejected, and (4) after his rejection the employer assigned a white employee to perform the same work. *Id.; Person v. J.S. Alberici Construction Co.,* 640 F.2d 916, 919 (8th Cir.1981).

4. Wright has probably satisfied each of the elements required for making a prima facie showing of race discrimination in at least two years, 1974 and 1976. During those years he was certified within the top three on the eligibility list and therefore qualified for promotion to Shop Foreman. During each of those years Wright was rejected and a white employee was promoted. It appears, however, that Wright was not qualified, as required by element (2), during any of the other years

in question, and has not shown a prima facie case for those years.

5. The City has met its burden of articulating some legitimate, nondiscriminatory reason for its actions. The City has stated that Wright was not promoted during the years in question because he was not the strongest of the three candidates. The City asserts that Wright floundered under pressure, didn't have sufficient expertise to make mechanical decisions, failed to communicate effectively, and would hide tickets, keys, and other items making it difficult for others to know what was going on.

6. Wright has failed to prove by a preponderance of the evidence that the City's proffered reason is merely pretextual. *See Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

7. Similarly, Wright has not proven a pattern and practice of discrimination against blacks. Wright had the burden of proving more than the mere occurrence of isolated or sporadic discriminatory acts. *International Brotherhood of Teamsters v. United States,* 431 U.S. 324, 336, 97 S.Ct. 1843, 1855, 52 L.Ed.2d 396 (1977). Wright had to establish by a preponderance of the evidence that racial discrimination was the City's standard operating procedure; the regular rather than the unusual practice. *Id.* Wright has submitted little, if any, evidence on this point.

8. The Court understands Wright's belief that he was retaliated against. He was among the first blacks, if not the first black, hired in his division. The record reflects that he did not hesitate to use the full panoply of procedures available to attack decisions he thought in error and unjustified. He was successful on several occasions. Wright, in all likelihood, was an irritant to the City, and its response may have been less than courteous. Nevertheless, this alone cannot prove retaliation. Under the three-part analysis of *Texas Department of Community Affairs v. Burdine,* this constitutes a prima facie case. The City, however, has articulated legiti-

mate nondiscriminatory reasons for its acts.

9. Wright has failed to prove that his service rating received in November of 1976 was in retaliation for his filing an EEOC claim. Wright specifically attacks the rating of "A" for work output. Wright maintains that he should have received a rating of "G" for this category. The City has presented detailed evidence supporting and explaining the reasons for Wright's receiving the "A" rating. Wright, on the other hand, has only explained the reasons for any change in his work output. Wright has failed to prove that this rating was unwarranted or discriminatory. He has failed to prove the City's reasons are pretextual. For this, and the other reasons stated above, Wright has failed to prove discrimination and retaliation, and the Court now enters its judgment in favor of the defendant.